IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CEDRICK SMITH,                 § <br>       Plaintiff,           § <br>                             § <br> v.                              § <br>                             § <br> LLC SMITH,                     § <br>       Defendant.          § | No. 3:20-cv-02966-G (BT) |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Cedrick Smith filed a *pro se* civil action, but he did not pay the filing fee or file a motion to proceed *in forma pauperis*. On September 28, 2020, the Court sent Smith a notice of deficiency, which informed him that he had 30 days to pay the filing fee or file a motion to proceed *in forma pauperis*. The Court warned Smith that failure to cure this deficiency within 30 days could result in a recommendation that his complaint be dismissed. On October 6, 2020, the Court received a letter from Smith in response to the notice of deficiency in which Smith claimed to be "the richest black man alive." The Court reminded Smith that he had 30 days from the Court's prior order—until October 28, 2020—to pay the filing fee. More than 30 days have passed, and Smith has failed to pay the filing fee.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to

1

control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Smith has failed to either pay the filing fee or file a motion to proceed *in forma pauperis*. And he has failed to comply with at least two Court orders instructing him to pay the filing fee by October 28, 2020. This litigation cannot proceed until Smith cures this deficiency and either pays the filing fee or files a motion for leave to proceed *in forma pauperis*. Accordingly, Smith's complaint should be dismissed for want of prosecution.

## Conclusion

The Court should dismiss the complaint without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed November 3, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).